IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Roger W. Miller,                                             Case No. 3:10CV00473

        Plaintiff

   v.                                                              ORDER

Whirlpool Corporation,

        Defendant

This is a civil suit involving plaintiff Roger Miller's (Miller) claim under the Americans with Disabilities Act (ADA). This court has jurisdiction under 28 U.S.C. §§ 1331 and 1343. Pending is plaintiff's Motion for Partial Summary Judgment [Doc. 17] and defendant Whirlpool Corporation's (Whirlpool) Motion for Partial Summary Judgment [Doc. 19]. For the reasons that follow, both motions will be denied.

**Background**

Miller worked for Whirlpool as a toolmaker from January 15, 2001, until his discharge on February 15, 2009. As part of his duties, Miller regularly used a Powered Industrial Vehicle (PIV) to drive throughout the Whirlpool facility.

In 2008, Whirlpool initiated a mandatory certification process for its employees who drive PIVs. The company adopted the policy in response to a serious accident involving a PIV and a

resulting OSHA safety citation. As part of the certification process, PIV drivers needed to complete a thirty-four question medical form.

The medical questionnaire asks initially, "Any illness, injury or past accidents?" [Doc. 17-6]. The instructions then state, "[f]or any YES answer, indicate onset date, diagnosis, treating physician's name and address and any current limitation." *Id.* The form also requires employees to disclose all medications used "regularly or recently." *Id.* Employees must answer whether they suffer from specific conditions like depression, skin disorders, digestive problems and allergies.

Whirlpool's medical director, Dr. Robert Marshall, states the questionnaire is designed for three purposes, namely to: 1) help him assess whether the employee can safely drive a PIV with or without reasonable accommodations; 2) diagnose relevant medical conditions; and 3) plan how to treat the employee in case of injury. [Doc. 20-2 at 2,3]. Only personnel at Whirlpool's Employee Health Center have access to the completed questionnaires.

Miller refused repeated demands to complete the questionnaire. Whirlpool subsequently fired him.

Whirlpool does not allege that Miller ever operated a PIV unsafely during his eight years of employment. Neither party alleges that he is or was disabled.

**Standard of Review**

A party is entitled to summary judgment on motion under Fed. R. Civ. P. 56 where the opposing party fails to show the existence of an essential element for which that party bears the burden of proof. *Celotex Corp. v. Cartrett*, 477 U.S. 317, 322 (1986). The movant must initially show the absence of a genuine issue of material fact. *Id.* at 323.

Once the movant meets that initial burden, the "burden shifts to the nonmoving party [to] set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56(e)). Rule 56(e) "requires the nonmoving party to go beyond the [unverified] pleading" and submit admissible evidence supporting its position. *Celotex, supra*, 477 U.S. at 324.

In deciding a motion for summary judgment, I accept the opponent's evidence as true and construe all evidence in the opponent's favor. *Eastman Kodak Co. v. Image Tech. Servs. Inc.*, 504 U.S. 451, 456 (1992). The movant can prevail only if the materials offered in support of the motion show there is no genuine issue of material fact. *Celotex, supra*, 477 U.S. at 323.

### Discussion

### 1. ADA Claim

At issue is whether Whirpool violated the Americans with Disabilities Act (ADA) when it required Miller to complete a comprehensive medical form. In pertinent part, the ADA provides:

> A covered entity shall not require a medical examination and shall not make inquiries of an employee as to whether such employee is an individual with a disability or as to the nature or severity of the disability, unless such examination or inquiry is shown to be job-related and consistent with business necessity.

42 U.S.C. § 12112(d)(4)(A).

A plaintiff contesting an allegedly improper medical inquiry need not prove he or she has a disability. *Lee v. City of Columbus*, 636 F.3d 245, 252 (6th Cir. 2011). Miller may, therefore, bring this suit despite the absence of allegations that he is disabled.

In *Lee,* the Sixth Circuit described what constitutes a protected disability-related inquiry under § 12112(d)(4)(A). In that case, the City required employees who took more than three days sick leave to submit a physician's note to their immediate supervisors stating the "nature of the illness" and whether they could return to work. *Id.* at 247. The court applied the Rehabilitation Act, which incorporates by reference the relevant ADA provisions. *Id.* at 250.

The court held the City's policy was not a prohibited disability-related inquiry because it did not "intend[] to reveal or necessitate[] revealing a disability." *Id.* at 255. The court contrasted the directive in that case with a medical inquiry that the ADA would cover:

> Obviously, asking an employee whether he is taking prescription drugs or medication or questions seeking information about illnesses, mental conditions, or other impairments an employee has or had in the past, trigger the ADA's (and hence the Rehabilitation Act's) protections.

*Lee, supra*, 636 F.3d at 254 (quotations omitted) (dictum) (citing *Doe v. Salvation Army in U.S.*, 531 F.3d 355 (6th Cir. 2008); *Scott v. Napolitano*, 717 F. Supp. 2d 1071 (S.D. Cal. 2010)).

This matches the instant case. Whirlpool's questionnaire requires listing recent medications and all past and present injuries. [Doc. 17-6]. Because answering the form's questions would necessitate revealing a disability, the questionnaire constitutes a protected disability-related inquiry. Neither party contests this conclusion.

The point of contention is whether the questionnaire falls within the ADA's exception for an inquiry that is "job-related and consistent with business necessity." 42 U.S.C. § 12112(d)(4)(A).

The employer has the burden of showing job-relatedness and business necessity. *Id.* The employer must show the disability-related inquiry is "no broader or more intrusive than necessary" and is a "reasonably effective method" of achieving a business necessity. *Conroy v. N.Y. State Dep't of Corr. Servs.*, 333 F.3d 88, 97-98 (2d Cir. 2003). The business necessity standard is "quite high[] and is not [to be] confused with mere expediency." *Cripe v. City of San Jose*, 261 F.3d 877, 890 (9th Cir. 2001).

Workplace safety is a well-recognized business necessity. *See, e.g., Conroy, supra*, 333 F.3d at 97; *Bates v. Dura Auto. Sys., Inc.*, 650 F. Supp. 2d 754, 770 (M.D. Tenn. 2009). The issue, however, is whether Whirlpool's inquiry was a lawful means to that end.

Plaintiff argues questions like "Any illness, injury or past accidents?" are too remotely connected to driver fitness to satisfy the ADA exception. [Doc. 17-6].

But the declaration of Whirlpool's medical director, Dr. Marshall, creates a genuine issue of fact inappropriate for adjudication on summary judgment. Dr. Marshall offers a comprehensible link between each of these apparently needless questions and safe driving. [Doc. 20-2]. In his experience, an effective questionnaire needs to ask questions "from multiple angles" to reveal conditions employees may not remember or realize they have. *Id.* at 2. For example, a question like "Any allergies?" may reveal use of a medication with side effects of which the employee is unaware, and which impairs his or her driving ability. *Id.* at 4.

Because there is a genuine issue of material fact as to whether all the questions in Whirlpool's form were a reasonably effective and necessary method of achieving workplace safety, both parties' motions for partial summary judgment are denied.

In support of its motion, Whirlpool relies on *Wice v. Gen. Motors Corp.*, 2008 WL 5235996 (E.D. Mich. Dec. 15, 2008). That case, however, is distinguishable. The company in *Wice* required employees to undergo periodic medical exams to determine their fitness to drive equipment. When the plaintiff wanted his own physician to conduct the exam, the company agreed and suggested he bring a standardized medical history form. The company also allowed him to skip questions about family health history after he objected to answering such questions. Because the plaintiff still refused to take a medical exam, the company revoked his operator license. He sued under the ADA, and the court granted summary judgment in favor of the company. *Id.* at *10.

The holding in *Wice* was that the company could order medical exams consistent with job-relatedness and business necessity. *Id.* at *4. The case does not compel granting Whirlpool summary judgment, however, because its opinion did not reach the relevant issue of whether the company's medical form complied with the ADA.

Miller relies on *Scott v. Napolitano*, 717 F. Supp. 2d 1071 (S.D. Cal. 2010). Unlike *Wice*, *Scott* considered a medical questionnaire's compliance with § 12112(d)(4)(A). To determine if an agent was fit for duty, the plaintiff's employer required him to complete a form with questions like, "Have you ever been treated for a mental condition?" *Id.* at 1080. Plaintiff refused to answer and was terminated. The court granted the plaintiff summary judgment on his ADA medical inquiry claim.

Finding certain questions overbroad and "disability related" in that the plaintiff's answers might elicit information about a disability, the court granted summary judgment for the plaintiff. *Id.* at 1084-85. It appears that in that case, unlike the situation here, the employer had not provided evidence putting the issue of job-relatedness in dispute. Here that issue is in dispute, and cannot be resolved on summary judgment.

**2. Defenses**

Whirlpool argues for an unenumerated exception to protected medical inquiries. Whirlpool contends that its medical inquiry complies with the ADA because the company applied the certification policy uniformly to both disabled and non-disabled employees. This position has no basis in law or intuition. *See EEOC v. Murray, Inc.*, 175 F. Supp. 2d 1053, 1062 (M.D. Tenn. 2001) (denying employer summary judgment notwithstanding generally-applicable medical screening policy). One unlawful inquiry cannot be saved by repetition. The dictum from *Lee* that Whirlpool cites to support its position applies instead to the context of an employee's return from sick leave.[1] [Doc. 20 at 7].

Finally, Whirlpool argues its disability-related inquiry was lawful because the Occupational Safety and Health Act (OSHA) required or necessitated it. The ADA regulations provide: "It may be a defense to a charge of discrimination under this part that a challenged action is required or necessitated by another Federal law or regulation. . . . " 29 C.F.R. § 1630.15(e).

The federal law Whirlpool points to is OSHA's General Duty Clause. The clause provides each employer "shall furnish to each of his employees employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to his employees." 29 U.S.C. § 654(a)(1).

The employer in *Rohr v. Salt River Project Agric. Imp. and Power Dist.*, 555 F.3d 850 (9th Cir. 2009), unsuccessfully argued its compliance with OSHA precluded liability under the ADA. *See also Murray*, *supra*, at 1067 (holding policy prohibiting Type I diabetics from operating forklifts was neither necessary nor required to comply with OSHA's General Duty Clause). In *Rohr*, OSHA guidelines required all employees who used a respirator to obtain annual certification, which included a medical exam. The OSHA guidelines did not specify the content of the exam. *Id.* at 863. The employer refused to administer its exam to the diabetic plaintiff because his blood pressure was

---

[1] "Even assuming arguendo that the requirement of the Directive can be characterized as a disability-related inquiry, it is not prohibited by the ADA because it is a workplace policy applicable to all employees, disabled or not." *Lee, supra*, 636 F.3d at 255.

too high. The Ninth Circuit vacated the district court's order granting summary judgment in the employer's favor because an alternative exam appropriate for employees with high blood pressure may have also satisfied OSHA. *Id.*

Here, Whirlpool implemented the medical certification process in response to a prior OSHA safety violation. There is also evidence that OSHA approved the process, including the challenged questionnaire.[2] But approving certain medical questions is not the same as requiring them. Here, as in *Rohr*, "OSHA's regulations were sufficiently broad" to allow Whirlpool discretion to craft a questionnaire that complied with the ADA. *Id.* at 863. Because Whirlpool has not shown OSHA required or necessitated the questions it asked, this defense fails.

## Conclusion

For the foregoing reasons, it is hereby:

ORDERED THAT: plaintiff's [Doc. 17] and defendant's [Doc. 19] motions for partial summary judgment be, and the same hereby are denied..

So ordered.

/s/ James G. Carr
Sr. United States District Judge

---

[2] There may be a hearsay issue regarding Whirlpool's manager's declaration supporting this fact. [Doc. 20-3 at 3]. I do not have to reach this issue, however, because even if the statement is admissible the defense is without merit.